

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

**SCOTT SWISHER;** )
**CARRIE SWISHER,** )
)
    **Plaintiffs,** )
)
v. )   **CIVIL ACTION NO:**
)
**NISSAN MOTOR ACCEPTANCE** )
**CORPORATION, RESOLVION,** )
**LLC; ALLSTAR RECOVERY,** )
**LLC,** )
)
    **Defendants.** )

## PLAINTIFF'S COMPLAINT

**COME NOW** the Plaintiffs, Scott Swisher and Carrie Swisher, in the above-styled cause and for their Complaint against the Defendants state the following:

## PARTIES

1. The Plaintiff, Scott Swisher, is a resident and citizen of the state of Alabama, St. Clair County, and is over the age of twenty-one (21) years.

2. The Plaintiff, Carrie Swisher, is a resident and citizen of the state of Alabama, St. Clair County, and is over the age of twenty-one (21) years.

3. The Defendant, Nissan Motor Acceptance Corporation ("Nissan"), is a foreign

corporation and was, in all respects and at all times relevant herein, doing business in the state of Alabama, and is registered to do business in Alabama.

4. The Defendant, Resolvion, LLC (Resolvion"), is a foreign entity and was, in all respects and at all times relevant herein, doing business in the state of Alabama. The Defendant is engaged in the business of collecting consumer debts by using non-judicial self-help action in the repossession of automobiles from consumers residing in St. Clair County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6). Upon information and belief, Defendant Resolvion was attempting to collect a consumer debt as defined by the FDCPA.

5. The Defendant, Allstar Recovery, LLC ("Allstar Recovery"), is a foreign entity and was, in all respects and at all times relevant herein, doing business in the state of Alabama. The Defendant is engaged in the business of collecting consumer debts by using non-judicial self-help action in the repossession of automobiles from consumers residing in St. Clair County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6). Upon information and belief, Defendant Allstar Recovery was attempting to collect a consumer debt as defined by the FDCPA.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331, and § 1367. Venue is proper in that the Defendants transacted business here, and the

Plaintiff reside here.

## FACTUAL ALLEGATIONS

7. In or about February 4, 2021, Plaintiff Scott Swisher purchased a 2017 Nissan Maxima from ("the Vehicle") Carvana, LLC.

8. At all relevant times, the Vehicle was owned by Plaintiff Scott Swisher and in the lawful possession of Plaintiff Scott Swisher and Plaintiff Carrie Swisher.

9. Plaintiffs financed the purchase amount of the Vehicle with Carvana, LLC and Carvana, LLC had the only security interest in the Vehicle.

10. Upon information and belief, Defendant Nissan contracted with Defendant Resolvion and Defendant Allstar Recovery to take possession of the Vehicle based on an alleged security interest with a previous owner.

11. On April 13, 2021, Plaintiff Carrie Swisher and her daughter took the Vehicle to Walmart in Leeds, Alabama.

12. While in the store, Defendants took physical possession of the Vehicle.

13. Upon leaving Walmart, Plaintiff Carrie Swisher noticed the Vehicle was gone.

14. Plaintiff Carrie Swisher, fearing the Vehicle was stolen, called 911.

15. Law enforcement informed Plaintiff Carrie Swisher that the Vehicle had been repossessed and to contact Defendant Allstar Recovery.

16. While in the parking lot with no way home, Plaintiff Carrie Swisher called Plaintiff Scott Swisher. Plaintiff Scott Swisher took off work, went to Walmart, and picked

up his family.

17. Afterwards, Plaintiff Scott Swisher contacted Carvana, LLC thinking it was the entity that ordered the repossession.

18. Carvana, LLC informed Plaintiff Scott Swisher that Bridgecrest was the lienholder/servicer of the account and it did not order the repossession.

19. Then Plaintiff Scott Swisher contacted Defendant Allstar Recovery, explained the situation, and was told that Defendant Resolvion ordered the repossession.

20. Plaintiff Scott Swisher called Defendant Resolvion and was told Defendant Nissan ordered the repossession and Defendant Resolvion requested proof of ownership from Plaintiffs.

21. A representative of Defendant AllStar identified as "Austin" called Plaintiffs and stated he was going to pick up the Vehicle from the auction lot and returning it to Plaintiffs.

22. Around 9 PM that night, Plaintiffs called Austin to check on the return of the Vehicle.

23. Austin stated that he was waiting on a gate pass at the auction lot.

24. Around 10 PM that same night, Plaintiffs called Austin again and Austin stated that it would be the next day before the Vehicle would be returned.

25. Plaintiff Scott Swisher demanded the Vehicle be retuned immediately.

26. In response, Austin stated, "If you are going to yell, I'll whip your ass and you'll

never get your car back."

27. The next day, Plaintiffs called the Defendant Allstar office and was informed that Austin had been working all night and the Vehicle and it would be later in the day before the Vehicle could be returned.

28. That evening, Austin returned the Vehicle.

29. In addition to the loss of the Vehicle, the Vehicle was damaged by Defendants while in the control of Defendants.

## COUNT ONE
## NEGLIGENCE CLAIM AGAINST DEFENDANTS

30. The Plaintiffs adopt the factual averments and allegations hereinbefore as if fully set forth herein.

31. The Defendants were under a duty to implement reasonable procedures in ensuring cars not encumbered by a valid security interest were not repossessed.

32. The Defendants were under a duty to ensure cars are not damaged while in their possession.

33. The Defendants breached these duties by taking the Vehicle and damaging the Vehicle.

34. As a proximate cause of Defendants' negligence, the Vehicle was damaged, the Plaintiffs have been deprived of the Vehicle, have suffered embarrassment, shame, anxiety, and metal distress, and other physical and mental damages.

5

## COUNT TWO
## WANTONNESS CLAIM AGAINST DEFENDANTS

35. The Plaintiffs adopt the factual averments and allegations hereinbefore as if fully set forth herein.

36. Defendants, with reckless disregard of the natural or probable consequences of its actions, acted in a manner that resulted in the unlawful repossession of the Vehicle and damage to the Vehicle.

37. Defendants knew, or should have known, that their actions would likely or probably result in injuries such as those sustained by Plaintiffs.

38. As a proximate cause of Defendants' wantonness, the Vehicle was damaged, the Plaintiffs have been deprived of the Vehicle, have suffered embarrassment, shame, anxiety, and metal distress, and other physical and mental damages.

## COUNT THREE
## CONVERSION CLAIM AGAINST DEFENDANTS

39. The Plaintiffs adopt the factual averments and allegations hereinbefore as if fully set forth herein.

40. The Plaintiffs were the owners and/or in lawful control of the Vehicle.

41. The Defendants did not have a present and immediate right of possession of the Vehicle at the time of repossession.

42. Without the Plaintiffs' consent, the Defendants intentionally deprived the Plaintiffs of their rightful possession of the Vehicle.

43. At all times relevant hereto, the Defendants acted with malice, recklessness, and total and deliberate disregard for the contractual and personal rights of the Plaintiffs.

44. As a result of the Defendants conduct, the Vehicle was damaged, the Plaintiffs have been deprived of the Vehicle, have suffered embarrassment, shame, anxiety, and metal distress, and other physical and mental damages.

## COUNT FIVE
## FDCPA CLAIM AGAINST DEFENDANTS RESOLVION AND ALLSTAR RECOVERY

45. The Plaintiffs adopt the factual averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

46. The Defendant Resolvion and Defendant Allstar Recovery have engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act.

47. Defendants took non-judicial action to effect dispossession of the Vehicle without a present right of possession in violation of 15 U.S.C. § 1692f(6);

48. As a result of Defendants' conduct, the Vehicle was damaged, the Plaintiffs have been deprived of the Vehicle, have suffered embarrassment, shame, anxiety, and metal distress, and other physical and mental damages.

## COUNT SIX
## INVASION OF PRIVACY AGAINST DEFENDANTS

49. The Plaintiffs adopt the factual averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

50. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the FDCPA, when it stated as part of its findings:

    > Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, **and to invasions of individual privacy**.

    15 U.S.C. § 1692(a) (emphasis added).

51. The Defendants undertook and/or directed actions to the Plaintiffs constituting an invasion of privacy, as set out and described in the common law of the State of Alabama. Said actions were made in disregard for Plaintiffs' right to privacy.

52. Said invasions were intentional, willful, and malicious, and violated the Plaintiffs' privacy. The Plaintiffs aver that the actions and communications were made by individuals who were the employees of and/or acting on behalf of Defendants.

53. Said communications constitute the wrongful intrusion into Plaintiffs' solitude and seclusion.

54. As a result of Defendants' Conduct, the Vehicle was damaged, the Plaintiffs have been deprived of the Vehicle, have suffered embarrassment, shame, anxiety, and metal distress, and other physical and mental damages.

**AMOUNT OF DAMAGES DEMANDED**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs demand a judgment against the Defendants as follows:

55. Compensatory and punitive damages against the Defendants;

56. Remedies available under the FDCPA against Defendants Allstar Recovery and Resolvion, including statutory damages, costs and attorneys' fees and any other compensatory damages pursuant to 15 U.S.C.§1692k; and,

57. Such other and further relief that this Court deems necessary, just and proper.

### **PLAINTIFFS DEMAND TRIAL BY STRUCK JURY**

/S/ JOHN C. HUBBARD
JOHN C. HUBBARD
Attorney for Plaintiffs

**OF COUNSEL:**
**JOHN C. HUBBARD, LLC**
PO Box 953
Birmingham, AL 35201
(205) 378-8121
jch@jchubbardlaw.com