FILED
2021 Jul-28 PM 06:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHER DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | |
|---|---|
| **SCOTT SWISHER,** *et al.***,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| v. ) | **4:21-cv-00795-CLM** |
| ) | |
| **NISSAN MOTOR ACCEPTANCE** ) | |
| **CORPORATION,** *et al.***,** ) | |
| ) | |
| **Defendants.** ) | |

## NISSAN MOTOR ACCEPTANCE CORPORATION'S MOTION FOR MORE DEFINITE STATEMENT

Nissan Motor Acceptance Corporation[1] (hereinafter "NMAC"), asserting and without waiving personal jurisdiction,[2] moves this Court, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, to enter an order requiring Plaintiffs Scott Swisher and Carrie Swisher (hereinafter collectively "Plaintiffs") to file an amended complaint that does not violate the Eleventh Circuit's prohibition against shotgun pleading. In support of this motion, NMAC states as follows:

---

[1] Plaintiffs have not designated the proper entity. Nissan Motor Acceptance Corporation does not exist. The proper entity is Nissan Motor Acceptance Company, LLC.

[2] The shotgun pleadings defects at issue are not sufficient to plead a prima facie case of personal jurisdiction against NMAC. Snow v. DirecTV, Inc., 450 F.3d 1314, 1318 (11th Cir. 2006) (holding that the plaintiff's "vague and conclusory allegations" presented in his complaint were insufficient to establish a prima facie case of personal jurisdiction over a defendant). General jurisdiction does not exist because NMAC is organized under the laws of Delaware and has its principal place of business in Tennessee. Specific jurisdiction does not exist because there are no well pleaded facts in the Plaintiffs' Complaint that arise out of or relate to any NMAC contact in Alabama. It appears that Plaintiffs are attempting to hale NMAC into an Alabama court based upon the actions of third parties and not NMAC's own contacts with Alabama.

# LEGAL ANALYSIS

## I. PLAINTIFFS' COMPLAINT VIOLATES THE RULE AGAINST SHOTGUN PLEADING.

The Eleventh Circuit has held that shotgun pleading defects are more than a "technical deficiency." Embree v. Wyndham Worldwide Corp., 779 F. App'x 658, 663 (11th Cir. 2019). It takes an uncompromising approach to shotgun pleadings. E.g., Jackson v. Bank of Am., 898 F.3d 1348, 1357 (11th Cir. 2018). In Jackson, for example, the Eleventh Circuit affirmed the District Court's dismissal of an amended complaint with prejudice because it was an impermissible shotgun pleading. Id. at 1360. The court noted that toleration of these types of pleadings constitutes "toleration of obstruction of justice." Id. at 1357. It explained that a district court must give a party "one chance to remedy such deficiencies," with a "fair notice of the defects and a meaningful chance to fix them." After that one chance, continued impermissible pleadings warrant dismissal with prejudice. Id. at 1358. The Eleventh Circuit has explained that a complaint is a shotgun pleading if it:

> (1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.

Embree v. Wyndham Worldwide Corp., 779 F. App'x 658, 662 (11th Cir. 2019) (citing Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir.

2015)).

Here, Plaintiff's Complaint is a shotgun pleading primarily because it asserts multiple claims against multiple defendants lumping all defendants together as "Defendants" without specifying which defendant is responsible for which act. (Doc. 1 at ¶¶ 12, 29, 31, 32, 33, 34, 36, 37, 38, 40, 41, 42, 43, 44, 46, 47, 48, 51, 52, 54.) Moreover, each count adopts all prior averments and allegations without obviously connecting any particular fact to any particular cause of action, which renders the complaint replete with conclusory, vague, and immaterial facts. (Doc. 1 at ¶¶ 30, 35, 39, 45, 49.) Consequently, Plaintiffs' Complaint violates the Eleventh Circuit's prohibition against shotgun pleadings. See, e.g., Jackson, 898 F.3d at 1357.

/s/ T. Dylan Reeves
T. Dylan Reeves
Joseph V. Ronderos
Attorneys For Nissan Motor Acceptance
Corporation

**OF COUNSEL:**
McGlinchey Stafford
505 North 20th Street, Suite 800
Birmingham, AL  35203
(205) 725-6400 (telephone)
(205) 623-0810 (facsimile)
dreeves@mcglinchey.com
jronderos@mcglinchey.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that on July 28, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ ECF system, which will send notification of such filing to all counsel of record.

/s/T. Dylan Reeves
OF COUNSEL
