# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **SCOTT SWISHER;** **CARRIE SWISHER,** Plaintiffs, v. **NISSAN MOTOR ACCEPTANCE CORPORATION; RESOLVION, LLC; ALLSTAR RECOVERY, LLC,** Defendants. | **CIVIL ACTION NO.:** **4:21-CV-00795-CLM** |

## REPORT OF PARTIES' PLANNING MEETING

1.    Synopsis of the Case:

The plaintiffs, Scott and Carrie Swisher, allege that they purchased a 2017 Nissan Maxima on or about February 4, 2021, from non-party Carvana, LLC. According to the Complaint, defendant Nissan Motor Acceptance Corporation ("NMAC") ordered repossession of the vehicle. The repossession took place on April 13, 2021. Upon information and belief, the repossession was ordered in March, 2021, and sent to defendant AllStar Recovery ("AllStar") by Resolvion, LLC ("Resolvion"). AllStar repossessed the vehicle while the plaintiff Carrie Swisher was in Wal-Mart in Leeds, Alabama. The plaintiffs allege that NMAC had no valid

security interest in the vehicle. NMAC disputes this allegation. The plaintiffs allege that the defendants wrongfully repossessed the vehicle. The defendants dispute these allegations. The plaintiffs assert claims for Negligence, Wantonness, Conversion, violation of the FDCPA and Invasion of Privacy. They seek unspecified compensatory and punitive damages, and where available, attorneys' fees.

2. The following persons participated in a Federal Rule of Civil Procedure 26(f) conference on November 2, 2021 by telephonic conference call:

> John C. Hubbard, for Plaintiff
>
> H. Warren Cobb, for Defendant All Star Recovery, LLC
>
> John W Johnson, II, for Defendant, Resolvion, LLC
>
> T. Dylan Reeves, for Defendant, Nissan Motor Acceptance Corporation

3. Initial Disclosures. The parties will complete by December 1, 2021 the initial disclosures required by Rule 26(a)(1).

4. Discovery Plan. The parties propose this discovery plan:

> a. Discovery will be needed on these subjects: What party(ies) had a valid, enforceable security interest in the vehicle; any attempted satisfaction of NMAC's lien; ownership of and the chain of title to the vehicle; registration of the vehicle from the time of first purchase to the date of repossession; Carvana's acts and/or omissions in the purchase and sale of the vehicle; conduct of

        parties prior to, during and subsequent to repossession. The parties reserve the right to amend this statement of subjects.

    b.    Dates for commencing and completing discovery, including discovery to be commenced or completed before other discovery:

    c.    Dates for supplementation under Rule 26(e): January 31, 2023.

    d.    Dates for exchanging reports of expert witnesses:  August 31, 2022 for Plaintiff and September 30, 2022 for defendants.

    e.    Maximum number of interrogatories by each party to another party, along with the dates the answers are due: 40, including and counting sub-parts.

    f.    Maximum number of requests for admission, along with the dates responses are due: 40, including and counting sub-parts.

    g.    Maximum number of requests for production, along with the dates responses are due:  40, including and counting sub-parts.

    h.    Maximum number of depositions by each party:  Ten.

    i.    Limits on the length of depositions, in hours: Six hours absent leave of Court, not including breaks greater than 15 minutes.

5.    Other Items:

    a.    A date if the parties ask to meet with the court before a scheduling order: N/A.

b. Final dates for the plaintiff to amend pleadings or to join parties: March 1, 2022. Thereafter, leave of Court is required if the amendment is opposed.

c. Final dates for the defendant to amend pleadings or to join parties: April 1, 2022. Thereafter, leave of Court is required if the amendment is opposed.

d. Final dates to file dispositive motions: December 1, 2022.

e. State the prospects for settlement: The parties have successfully mediated cases in the past. The parties will consider voluntarily mediating the case, if they believe it will be helpful, upon completion of party depositions and written discovery.

f. Identify any alternative dispute resolution procedure that may enhance settlement prospects: See above.

g. Final dates for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists: January 20, 2023.

h. Final dates to file objections under Rule 26(a)(3): February 20, 2023.

i. Requested dates for pretrial conference: March 2023.

  j. Suggested trial date and estimate of trial length:  March, 2023.

   The trial of this matter is expected to take four to six days.

  k. Other matters:

Respectfully submitted on this the 15th day of November, 2021.

            <u>/s/ John W Johnson II</u>
            John W Johnson II
            Attorney for Defendant Resolvion, LLC

**OF COUNSEL:**

**CHRISTIAN & SMALL LLP**
505 20th Street North
Suite 1800
Birmingham, AL 35203
Telephone:  (205) 795-6588
Facsimile:   (205) 328-7234
jwjohnson@csattorneys.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on **November 15, 2021** I have filed the above and foregoing pleading electronically with the Clerk of Court using the CM/ECF system which will send notification of same to all parties of record, and those not registered with the CM/ECF system have been served at their regular mailing address via U.S. Mail, postage prepaid.

John C. Hubbard
JOHN C. HUBBARD, LLC
P.O. Box 953
Birmingham, AL 35201
jch@jchubbardlaw.com

T. Dylan Reeves
McGlinchey Stafford
505 20th Street North, Suite 800
Birmingham, AL 35203

Leon A. Boyd, V
H. Warren Cobb
COBB, BOYD, WHITE & COBB
Post Office Box 2047
Dothan, AL 36302

/s/ John W Johnson II
OF COUNSEL

3090643.1