FILED

2022 Mar-30  PM 01:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | | |
|---|---|---|
| **SCOTT SWISHER**, *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **4:21-cv-00795-CLM** |
| | ) | |
| **NISSAN MOTOR ACCEPTANCE** | ) | |
| **CORPORATION**, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## NISSAN MOTOR ACCEPTANCE CORPORATION'S AMENDED ANSWER TO FIRST AMENDED COMPLAINT & COUNTERCLAIM

For its Amended Answer to Plaintiffs Scott Swisher and Carrie Swisher's (hereinafter collectively "Plaintiffs") First Amended Complaint, Nissan Motor Acceptance Corporation[1] (hereinafter "NMAC") states:

1.     NMAC is without sufficient information to admit or deny Paragraph 1.

2.     NMAC is without sufficient information to admit or deny Paragraph 2.

3.     NMAC admits that it is not a citizen of Alabama for diversity purposes, but denies that it is subject to personal jurisdiction in Alabama for the claims in the action.

4.     NMAC is without sufficient information to admit or deny Paragraph 4.

5.     NMAC is without sufficient information to admit or deny Paragraph 5.

---

[1] Plaintiffs have not designated the proper entity. Nissan Motor Acceptance Corporation does not exist. The proper entity is Nissan Motor Acceptance Company, LLC.

1

6.   NMAC admits that federal subject matter jurisdiction exists, but denies that venue is proper against NMAC.

7.   To the extent that Paragraph 7 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

8.   To the extent that Paragraph 8 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

9.   To the extent that Paragraph 9 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

10.   To the extent that Paragraph 10 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

11.   To the extent that Paragraph 11 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

12.   To the extent that Paragraph 12 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

13.     To the extent that Paragraph 13 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

14.     To the extent that Paragraph 14 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

15.     To the extent that Paragraph 15 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

16.     To the extent that Paragraph 16 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

17.     To the extent that Paragraph 17 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

18.     To the extent that Paragraph 18 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

19.     To the extent that Paragraph 19 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

20.     To the extent that Paragraph 20 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

21.     To the extent that Paragraph 21 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

22.     To the extent that Paragraph 22 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

23.     To the extent that Paragraph 23 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

24.     To the extent that Paragraph 24 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

25.     To the extent that Paragraph 25 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

26.     To the extent that Paragraph 26 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

27.     To the extent that Paragraph 27 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

28.     To the extent that Paragraph 28 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

29.     To the extent that Paragraph 29 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

30.     To the extent that Paragraph 30 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

31.   To the extent that Paragraph 31 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

32.   NMAC objects that Paragraph 32 constitutes impermissible shotgun pleading because it is not able to identify which facts are connected to this claim. To the extent that Paragraph 32 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

33.   Denied.

34.   Denied.

35.   Denied.

36.   Denied.

37.   NMAC objects that Paragraph 37 constitutes impermissible shotgun pleading because it is not able to identify which facts are connected to this claim. To the extent that Paragraph 37 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

38.   Denied.

39.   Denied.

40.   Denied.

41.     NMAC objects that Paragraph 41 constitutes impermissible shotgun pleading because it is not able to identify which facts are connected to this claim. To the extent that Paragraph 41 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

42.     NMAC is without sufficient information to admit or deny this paragraph.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     NMAC objects that Paragraph 47 constitutes impermissible shotgun pleading because it is not able to identify which facts are connected to this claim. To the extent that Paragraph 47 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

48.     To the extent that Paragraph 48 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

49.    To the extent that Paragraph 49 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

50.    To the extent that Paragraph 50 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

51.    NMAC objects that Paragraph 51 constitutes impermissible shotgun pleading because it is not able to identify which facts are connected to this claim. To the extent that Paragraph 51 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

52.    Denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

As to the unnumbered paragraph immediately following paragraph 56, NMAC denies that Plaintiffs are entitled to any recovery, relief, fees, costs, or damages from it whatsoever.

57.    Denied.

58.     To the extent that Paragraph 58 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

59.     Denied.

60.     Any allegations not specifically admitted or denied above are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

NMAC is not subject to personal jurisdiction in Alabama for these claims.

### SECOND AFFIRMATIVE DEFENSE

Venue is improper against NMAC.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' operative complaint is a shotgun pleading.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint does not contain facts that establish they are entitled to relief.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of contributory negligence.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages were caused by third-parties for which NMAC is not responsible.

## SEVENTH AFFIRMATIVE DEFENSE

NMAC pleads lack of proximate cause.

## EIGHTH AFFIRMATIVE DEFENSE

NMAC pleads superseding, intervening causation.

## NINTH AFFIRMATIVE DEFENSE

NMAC pleads lack of damage.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, were caused by their own actions or inaction.

## ELEVENTH AFFIRMATIVE DEFENSE

All of NMAC's actions have been in accordance with all federal and state laws and regulations applicable to the transactions at issue.

## TWELFTH AFFIRMATIVE DEFENSE

NMAC pleads failure to mitigate, equitable estoppel, and unjust enrichment.

## THIRTEENTH AFFIRMATIVE DEFENSE

NMAC pleads laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

NMAC avers Plaintiffs' did not have clear title.

## FIFTEENTH AFFIRMATIVE DEFENSE

NMAC pleads lack of publication.

## SIXTEENTH AFFIRMATIVE DEFENSE

NMAC pleads truth.

## SEVENTEENTH AFFIRMATIVE DEFENSE

NMAC avers that it is not a debt collector as defined under the FDCPA.

## EIGHTEENTH AFFIRMATIVE DEFENSE

NMAC avers that Plaintiffs are not entitled to mental anguish because they did not suffer a physical injury or were not in the zone of damage.

## NINETEENTH AFFIRMATIVE DEFENSE

NMAC avers that Plaintiffs are not entitled to mental anguish because it did not act willfully.

## TWENTIETH AFFIRMATIVE DEFENSE

NMAC avers that Plaintiffs are not entitled to mental anguish because it did not act consciously or deliberately.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

NMAC pleads reasonable procedures.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

NMAC pleads bona fide error.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

NMAC avers that 15 U.S.C. § 1692(a) does not create a cause of action for invasion of privacy.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

NMAC avers that Plaintiffs' state law claims are preempted by the Fair Debt Collection Practices Act.

11

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

NMAC avers reasonable procedures.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

NMAC denies that it is guilty of any conduct which entitles Plaintiffs to recover punitive damages.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, and each and every Count thereof, to the extent that it seeks exemplary or punitive damages, violates NMAC's right to procedural due process under the Fourteenth Amendment of the United States Constitution and under the Constitution of the State of Alabama, and therefore fails to state a cause of action under which either punitive or exemplary damages can be awarded.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, and each count thereof, to the extent that it seeks punitive or exemplary damages, violates NMAC's rights to protection from "excess fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 15 of the Constitution of the State of Alabama, and violates NMAC's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and as provided in the Constitution of the State of Alabama, and therefore fails to state a cause of action supporting the punitive or exemplary damages claimed.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to NMAC under the Constitution of the United States of America.

## THIRTIETH AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to NMAC under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States in that punitive damages are vague and are not rationally related to legitimate government interests.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiffs in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiffs in this case will be violative of the procedural safeguards provided to NMAC under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and

consequently NMAC is entitled to the same procedural safeguards accorded to criminal defendants.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against NMAC punitive damages, which are penal in nature, yet compel NMAC to disclose potentially incriminating documents and evidence.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against NMAC punitive damages, which are penal in nature, yet compel NMAC to disclose potentially incriminating documents and evidence.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

It is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against NMAC which are penal in nature by requiring a burden of proof on Plaintiffs which is less than the "beyond a reasonable doubt" burden required in criminal cases.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiffs in this case, on its face and/or as applied in this case, is in violation of the right to trial by jury of the Seventh Amendment of the Constitution of the United States.

14

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiffs in this case will be violative of the Eighth Amendment of the Constitution of the United States in that said damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiffs in this case will be violative of the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this cause violates the Due Process Clause of Amendments V and XIV to the United States Constitution and Article I, Sections 1, 2, 6, 11, 13, 15, 27 and 35 of the Alabama Constitution of 1901 because the authorization for unlimited punitive damages awards have a substantial chilling effect on the exercise of the fundamental rights to ordered liberty and of access to the courts.  Among other things, the present procedure and standards for imposing punitive damages are unconstitutionally vague and violate Due Process under the aforesaid state and federal constitutional provisions by (1) failing to provide sufficiently objective and specific standards by which juries may decide whether to award punitive damages and to determine the amount of punitive damages awards; (2) failing to provide sufficiently objective and specific standards by which juries

may impose punitive damages based on the culpability of alleged tortfeasors; (3) failing to provide sufficient objective specific standards by which juries may award punitive damages against multiple defendants for different alleged acts of wrongdoing; (4) failing to provide sufficiently objective and specific standards by which juries may award separate judgments against alleged joint tortfeasors; (5) by failing to provide a sufficiently clear, objective, and specific standard for appellate review of awards for punitive damages; and (6) by failing to provide a meaningful opportunity for challenging the excessiveness of such awards.

## FORTIETH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case violates the Equal Protection Clause of Amendments V and XIV of the United States Constitution and deprives NMAC of the right to equal protection under the law as provided in Article I, Sections 1, 6, and 22 of the Alabama Constitution of 1901, because, among other reasons, criminal defendants are placed in a position of distinct advantage over civil defendants of comparable culpability due to the disparity in punitive treatment for similar conduct and because the absence of sufficiently specific and objective standards for the imposition of punitive damages fails to ensure equality of treatment between and among similarly situated civil defendants.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages cannot be upheld based on all grounds that the United States Supreme Court in <u>BMW v. Gore</u>, 116 S.Ct. 1589 (1996), determined that the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages violate a defendant's rights provided by the United States Constitution.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages cannot be upheld under <u>BMW v. Gore</u>, 116 S.Ct. 1589 (1996) to the extent it is not based on the least drastic remedy or lowest amount of punitive damages that could be expected to ensure that this Defendant will more fully comply with this state's laws in the future.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover punitive damages pursuant to Ala. Code §6-11-20 and §6-11-30 (1975), and thereby any claim for such damages is barred.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

Any award of punitive damages in this case is subject to those limitations established by the Alabama Legislature and set forth in §6-11-21, Code of Ala. (1975). The Alabama Supreme Court's action abolishing the legislatively-created cap on punitive damages was unconstitutional and is without effect. Under the Constitution of the United States and the State of Alabama, the Alabama Supreme

Count cannot abolish the cap created by the Legislature on punitive damages through judicial fiat.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages against NMAC cannot be sustained because punitive damages may be awarded jointly and severally against some or all of the defendants for different acts of alleged wrongdoing without apportionment among them based on the respective enormity of their alleged misconduct and will, therefore, violate NMAC's rights under the Equal Protection Clause and the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I §§1, 6, 13 and 22 of the Alabama Constitution, and will be improper under the common law and public policies of the State of Alabama and the United States of America.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages is barred because an award of punitive damages under Alabama law will constitute an impermissible burden on interstate commerce in violation of the Commerce Clause of Article I §9 of the United States Constitution.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive is barred to the extent that it seeks the admission into evidence of NMAC's net worth in determining whether punitive damages are to be awarded and/or in what amount they are to be awarded because punitive

damages are a form of punishment that is grounded in a defendant's status rather than in specific misconduct, and thus has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, §§1, 6, 13 and 22 of the Alabama Constitution.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages against NMAC cannot be upheld, because any award of punitive damages under Alabama law without bifurcating the trial of all punitive damages would violate NMAC's due process rights guaranteed by the United States Constitution and the Alabama Constitution.

## FORTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages against NMAC cannot be upheld, because an award of punitive damages under Alabama law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by Alabama law would violate NMAC's due process rights guaranteed by the United States Constitution and by the due process provisions of the Alabama Constitution.

## FIFTIETH AFFIRMATIVE DEFENSE

The Alabama statute authorizing punitive damages, Ala. Code §6-1-20 (1993) is constitutionally vague as written, construed, and applied.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

NMAC pleads the applicability of the Alabama Legislature's amendment to Alabama Code §6-11-21 (1975) with effective date of June 7, 1999.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

NMAC avers that it did not receive fair notice that the conduct that is alleged in Plaintiffs' Complaint might subject it to punishment.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

NMAC avers that it did not receive fair notice of the severity of the penalty that might be imposed for the alleged conduct set out in Plaintiffs' Complaint.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

The claims for punitive damages against NMAC are barred for reasons that Plaintiffs cannot produce clear and convincing evidence sufficient to support or sustain the imposition of punitive damages against NMAC.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages cannot be upheld based on a violation of due process of law as set forth in State Farm Mutual Automobile Insurance Company v. Campbell, 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed. 2d. 585 (2003). Assuming arguendo Plaintiff could produce evidence sufficient to support an award of punitive damages, any award in excess of three (3) times compensatory damages would be an unconstitutional violation of NMAC's right to due process of law as set forth in the Gore and State Farm cases, supra.

20

### FIFTY-SIXTH AFFIRMATIVE DEFENSE

NMAC has a valid lien on the automobile at issue.

### FIFTY-SEVENTH AFFIRMATIVE DEFENSE

Title did not pass to Plaintiffs due to fraudulent title.

### FIFTY-EIGHTH AFFIRMATIVE DEFENSE

The fraudulent title documents did not extinguish NMAC's lien on the automobile.

### FIFTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claim to the automobile is subject to NMAC's lien.

### SIXTIETH AFFIRMATIVE DEFENSE

NMAC had the right to repossession due to its lien on the automobile and nonpayment on the loan.

### SIXTY-FIRST AFFIRMATIVE DEFENSE

NMAC reserves the right to amend its Answer and Affirmative Defenses as discovery progresses.

## COUNTERCLAIMS

For its Counterclaim against Scott Swisher and Carrie Swisher (hereinafter collectively the "Swishers"), NMAC states as follows:

## PARTIES

1.     Nissan Motor Acceptance Company, LLC is not a citizen of Alabama for diversity purposes.

2.     Scott Swisher is a citizen of Alabama because he is domiciled in Alabama.

3.     Carrie Swisher is a citizen of Alabama because she is domiciled in Alabama.

## JURISDICTION

4.     This Court has supplemental jurisdiction over NMAC's Counterclaim pursuant to 28 U.S.C. § 1367.

## COUNT ONE
## DECLARATORY JUDGMENT

5.     Because NMAC perfected a valid lien on the Maxima under Texas law, this Count is governed by Texas law.

6.     In 2017, Shirley Marie Ligons purchased a new 2017 Nissan Maxima (with 4 miles) with VIN 1N4AA6AP7HC455086 (hereinafter the "Maxima") from Fred Haas Nissan, L.P. in Tomball, TX through a loan with NMAC.

22

7.     On December 29, 2017, Ms. Ligons submitted to the Texas Department of Motor Vehicles an Application for Texas Title and/or Registration for the Maxima and listed NMAC as the first lienholder.

8.     Ms. Ligons submitted and surrendered the Certificate of Original For a Vehicle with her application to the Texas Department of Motor Vehicles. The Certificate of Original For a Vehicle was negotiated from Fred Haas Nissan, L.P. to Ms. Ligons by indorsement dated December 29, 2017.

9.     Ms. Ligons also submitted an Odometer Disclosure Statement dated December 29, 2017 with her application to the Texas Department of Motor Vehicles, which listed an odometer reading of 4 miles.

10.     On January 22, 2019, the Texas Department of Motor Vehicles issued a Web Dealer Original Title for the Maxima that listed Ms. Ligons as the owner and NMAC as the first lienholder.

11.     NMAC's perfected and recorded lien served as notice to all of NMAC's interest in the Maxima.

12.     In December 2020, someone submitted a Vehicle Application to the Louisiana Department of Public Safety and Corrects to register the Maxima in Louisiana with the owner listed as Tashia Marie Hubbard (hereinafter the "Louisiana Application").

13.    The Louisiana Application did not include a lien release from NMAC and did not list NMAC as a lienholder.

14.    To support the Louisiana Application, someone filed a document purporting to be a Texas Certificate of Title dated January 31, 2018 (hereinafter the "Fraudulent Title") with the same VIN as the Maxima.

15.    The Fraudulent Title listed the odometer reading as 000004 miles with the "previous owner" listed as "TRIANGLE MOTORS SISLBEE TX" and the "owner" as "MELISSA ARD."

16.    The Fraudulent Title listed a first lienholder as Triangle Motors with a date of lien on January 31, 2018.

17.    The Fraudulent Title did not list NMAC as a lienholder.

18.    The Fraudulent Title stated that Triangle Motors released its lien on January 3, 2020.

19.    The Fraudulent Title contained an assignment from Melissa Ard to Tashia Marie Hubbard of Lake Charles, Louisiana dated December 1, 2020 and listed the mileage as 67,602 miles.

20.    On December 10, 2020, the State of Louisiana issued a title derived from the fraudulent title and did not list NMAC as a lienholder.

21.    On December 23, 2020, the State of Arizona issued a title derived from the fraudulent title and did not list NMAC as a lienholder.

22.    On February 9, 2021, the State of Alabama issued a title derived from the fraudulent title and did not list NMAC as a lienholder.

23.    On March 2, 2021, the State of Alabama issued a title derived from the fraudulent title and did not list NMAC as a lienholder.

24.    On September 20, 2021, the State of Alabama issued a title derived from the fraudulent title and did not list NMAC as a lienholder.

25.    The Swishers' title is derived from the Fraudulent Title.

26.    NMAC's perfected and recorded lien precludes the Swishers from being bona fide purchasers for value without notice.

27.    NMAC has never released its lien.

28.    The borrower defaulted and NMAC is entitled to collect the Maxima pursuant to its security interest.

29.    A justiciable controversy exists between NMAC and the Swishers regarding their rights and interest in the Maxima.

WHEREFORE, NMAC requests that this court issue a declaratory judgment, pursuant to the Declaratory Judgment Act, declaring:

A.    NMAC never released its lien;

B.    NMAC has a valid lien on the Maxima;

C.    The Swishers' interest in the Maxima is subject to NMAC's lien; and

D.    That NMAC has the right to repossess the Maxima under its security

interest.

## COUNT TWO
## EQUITABLE LIEN (Alternative Count)

30.     In the alternative, NMAC is entitled to an equitable lien on the Maxima under Alabama law to secure the amount owed to NMAC.

31.     In 2017, Ms. Ligons purchased the Maxima from Fred Haas Nissan, L.P. in Tomball, TX through a loan with NMAC in the amount of $46,770.56.

32.     Ms. Ligons and NMAC intended to perfect a first lien on the Maxima securing the amount owed to NMAC.

33.     On December 29, 2017, Ms. Ligons submitted to the Texas Department of Motor Vehicles an Application for Texas Title and/or Registration for the Maxima and listed NMAC as the first lienholder.

34.     On January 22, 2019, the Texas Department of Motor Vehicles issued a Web Dealer Original Title for the Maxima that listed Ms. Ligons as the owner and NMAC as the first lienholder.

35.     NMAC's perfected and recorded lien served as notice to all of NMAC's interest in the Maxima.

36.     On December 10, 2020, the State of Louisiana issued a title derived from the Fraudulent Title and did not list NMAC as a lienholder.

37.     The Swishers' title is derived from the Fraudulent Title.

38.     NMAC's perfected and recorded lien precludes the Swishers from being bona fide purchasers for value without notice.

39.     NMAC has never released its lien.

40.     The borrower defaulted and NMAC is entitled to collect the Maxima pursuant to its security interest.

41.     If NMAC's unreleased lien is invalid against the Swishers, the Swishers benefited from purchasing the Maxima unencumbered by NMAC's lien to the detriment of NMAC.

42.     If NMAC's unreleased lien is invalid against the Swishers, permitting the Swishers to retain the benefit of the unencumbered Maxima would be unjust.

43.     In these circumstances, Alabama law permits an equitable lien over the Maxima.

WHEREFORE, in the alternative, NMAC requests that this Court enter an order asserting an equitable lien in favor of NMAC on the Maxima superior to all other interests.

/s/ T. Dylan Reeves
T. Dylan Reeves
Joseph V. Ronderos
Attorneys For Nissan Motor Acceptance
Corporation

**OF COUNSEL:**
McGlinchey Stafford
505 North 20th Street, Suite 800
Birmingham, AL  35203

27

(205) 725-6400 (telephone)
(205) 623-0810 (facsimile)
dreeves@mcglinchey.com
jronderos@mcglinchey.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 22, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ ECF system, which will send notification of such filing to all counsel of record.

/s/T. Dylan Reeves
OF COUNSEL