# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHER DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **SCOTT SWISHER,** *et al.*,   )<br>                                                       )<br>       **Swishers,**                        )<br>                                                       )<br>**v.**                                                )           **4:21-cv-00795-CLM**<br>                                                       )<br>**NISSAN MOTOR ACCEPTANCE** )<br>**CORPORATION,** *et al.*,           )<br>                                                       )<br>       **Defendants.**                     )  | |

## NISSAN MOTOR ACCEPTANCE CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER VENUE

 

                                                T. Dylan Reeves
                                                Joseph V. Ronderos
                                                *Attorneys For Nissan Motor Acceptance Corporation*

**OF COUNSEL:**
McGlinchey Stafford
505 North 20th Street, Suite 800
Birmingham, AL  35203
(205) 725-6400 (telephone)
(205) 623-0810 (facsimile)
dreeves@mcglinchey.com
jronderos@mcglinchey.com

TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................1

RELEVANT FACTS ..............................................................................................2

ANALYSIS..............................................................................................................4

I.  The Court should transfer the claims between the Swishers and
    NMAC to the Eastern District of Texas. ......................................................5

    A.  The Swishers could have originally filed in the Eastern District
        of Texas. .............................................................................................5

    B.  The §1404 factors clearly weigh in favor of transferring venue
        to the Eastern District of Texas. .........................................................7

II. This Court should sever the claims between the Swishers and NMAC
    to transfer them to the Eastern District of Texas..........................................12

CONCLUSION .....................................................................................................14

# INTRODUCTION

During the course of discovery and through its own investigation, Nissan Motor Acceptance Company, LLC ("NMAC")[1] recently discovered that Scott and Carrie Swisher (the "Swishers") claim title through a forged title that is the result of title washing in Texas. Although part of this case pertains to the property damage from the repossession of the Swishers' vehicle in Alabama, the ultimate issue between the Swishers and NMAC is whether NMAC has a valid, unreleased lien under Texas law. All of the witnesses with discoverable knowledge are located outside this Court's subpoena power. Based on information available at this time, NMAC believes these witnesses include, but are not limited to:

- Triangle Motors in Silsbee, TX;
- Fred Haas Nissan, L.P. in Tomball, TX;
- The Texas Department of Motor Vehicles;
- Melissa Ard of Silsbee, TX; and
- Tashia Marie Hubbard of Lake Charles, LA

Because the Swishers' title is derived from a forged Texas title and NMAC's lien remains unreleased in Texas, the witnesses, evidence, and parties related to this dispute are all outside this Court's subpoena power. Under *forum non conveniens*, the appropriate venue is the Eastern District of Texas because the material witnesses

---

[1] The Swishers have not designated the proper entity. Nissan Motor Acceptance Corporation does not exist. The proper entity is Nissan Motor Acceptance Company, LLC.

1

and records are located in or within the subpoena power of that district and the relevant dispute is a question of Texas law. Accordingly, the Court should sever the claims between the Swishers and NMAC and transfer them to the Eastern District of Texas.

## RELEVANT FACTS

1. In 2017, Shirley Marie Ligons purchased a new 2017 Nissan Maxima (with 4 miles) with VIN 1N4AA6AP7HC455086 (hereinafter the "Maxima") from Fred Haas Nissan, L.P. ("Fred Haas Nissan") in Tomball, TX through a loan with NMAC. (Ex. 1-1.)

2. NMAC took a lien on the Maxima to secure its loan. (Ex. 1-1.)

3. On December 29, 2017, Ms. Ligons submitted to the Texas Department of Motor Vehicles an Application for Texas Title and/or Registration for the Maxima and listed NMAC as the first lienholder. (Ex. 1-2.)

4. Ms. Ligons submitted and surrendered the Certificate of Original For a Vehicle with her application to the Texas Department of Motor Vehicles. The Certificate of Original For a Vehicle was negotiated from Fred Haas Nissan to Ms. Ligons by indorsement dated December 29, 2017. (Ex. 1-3.)

5. Ms. Ligons also submitted an Odometer Disclosure Statement dated December 29, 2017 with her application to the Texas Department of Motor Vehicles, which listed an odometer reading of 4 miles. (Ex. 1-4.)

6. On January 22, 2018, the Texas Department of Motor Vehicles issued a Web Dealer Original Title for the Maxima that listed Ms. Ligons as the owner and NMAC as the first lienholder. (Ex. 1-5.)

7. The Maxima was regularly serviced at Fred Haas Nissan. (Ex. 1-6.)

8. In December of 2020, someone submitted a Vehicle Application to the Louisiana Department of Public Safety and Corrections to register the Maxima in Louisiana with the owner listed as Tashia Marie Hubbard (hereinafter the "Louisiana Application"). (Ex. 1-7.)

9. The Louisiana Application did not include a lien release from NMAC and did not list NMAC as a lienholder. (See Ex. 1-7.)

10. To support the Louisiana Application, someone filed a document purporting to be a Texas Certificate of Title dated January 31, 2018 (the "Forged Title") with the same VIN as the Maxima. (See Ex. 1-8.)

11. The Forged Title listed the odometer reading as 000004 miles with the "previous owner" listed as "TRIANGLE MOTORS SISLBEE TX" and the "owner" as "MELISSA ARD." (See Ex. 1-8.)

12. The Forged Title listed a first lienholder as Triangle Motors with a date of lien on January 31, 2018. (See Ex. 1-8.)

13. The Forged Title did not list NMAC as a lienholder. (See Ex. 1-8.)

14. The Forged Title stated that Triangle Motors released its lien on January 3, 2020. (See Ex. 1-8.)

15. The Forged Title contained an assignment from Melissa Ard to Tashia Marie Hubbard of Lake Charles, Louisiana dated December 1, 2020 and listed the mileage as 67,602 miles. (Ex. 1-9.)

16. On December 10, 2020, the State of Louisiana issued a title derived from the Forged Title and did not list NMAC as a lienholder. (Ex. 1-6.)

17. On February 9, 2021, the State of Alabama issued a title derived from the Forged Title and did not list NMAC as a lienholder. (Ex. 1-6.)

18. On March 2, 2021, the State of Alabama issued a title derived from the Forged Title and did not list NMAC as a lienholder. (Ex. 1-6.)

19. On September 20, 2021, the State of Alabama issued a title derived from the Forged Title and did not list NMAC as a lienholder. (Ex. 1-6.)

20. The Swishers' title is derived from the Forged Title. (Ex. 1-6.)

21. NMAC has never released its lien. (Ex. 1-1.)

## **ANALYSIS**

This Court is faced with two sets of claims: those that pertain to superior title and those that pertain to property damage during a repossession. Because the ultimate issue in this case—who has superior title—must be proven with witnesses not within this Court's subpoena power, severance and transfer is necessary. For the

convenience of the parties and witnesses, and in the interest of justice, this Court should transfer this action to the Eastern District of Texas—the court that will have subpoena power over all of the necessary witnesses. To accomplish this transfer, this Court should separate the title claims from the property damage claims by severing the Swishers' claims against NMAC under Fed. R. Civ. P. 21.

**I.   The Court should transfer the claims between the Swishers and NMAC to the Eastern District of Texas.**

The Court should transfer the claims between the Swishers and NMAC to the Eastern District of Texas for the convenience of the witnesses and parties and in the interests of justice. 28 U.S.C. § 1404(a). "In addressing a motion under § 1404(a) a court must determine: (1) whether the plaintiff could originally have filed the case in the venue to which the movant seeks to transfer the case; and (2) whether the circumstances of the case warrant transfer." Walter Energy, Inc. v. Walter Inv. Mgmt. Corp., No. 2:14-CV-00429-SGC, 2015 WL 12751048, at *4 (N.D. Ala. Jan. 12, 2015). Here, the Swishers (1) could have originally filed in the Eastern District of Texas and (2) all of the §1404 factors weigh in favor of this transfer.

**A.   The Swishers could have originally filed in the Eastern District of Texas.**

Venue would have been originally proper in the Eastern District of Texas because NMAC resides there for venue purposes and "a substantial part of the events or omissions giving rise to the claim occurred" there. 28 U.S.C. § 1391(b)(1)-(2).

Under § 1391(b)(1) and (c), "[a] defendant is a resident of a judicial district if it is subject to personal jurisdiction there at the time the case is initiated." Algodonera De Las Cabezas, S.A. v. Am. Suisse Capital, Inc., 432 F.3d 1343, 1345 (11th Cir. 2005). In this case, NMAC stipulates that it was and is amenable to personal jurisdiction in the Eastern District of Texas and thus, resides in this district for the purposes of venue. See Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1330 (11th Cir. 2011). In addition, the pertinent events giving rise to the Forged Title occurred in the Eastern District of Texas, because Melissa Ard, who is listed as the previous owner of the vehicle, and Triangle Motors, who is listed as the first lienholder, are both located in Silsbee, Texas in that district. (Ex. 1-8.) Because these events give rise to the Forged Title, they "directly give rise to" the dispute between the Swishers and NMAC over title to the Maxima. Kapordelis v. Danzig, 387 F. App'x 905, 906 (11th Cir. 2010).[2] Therefore, the Eastern District of Texas would have been an appropriate venue for the Swishers to originally file this action under either § 1391(b)(1) or (b)(2).

---

[2] The Forged Title presumably led the Swishers to believe that their title was valid, free of any lien from NMAC, and that any repossession would be unlawful. (See Doc. 13 at ¶ 9 ("Carvana, LLC had the only security interest in the Vehicle."); see also Doc. 28 at ¶ 26 ("NMAC's perfected and recorded lien precludes the Swishers from being bona fide purchasers for value without notice.").) Because the Forged Title lists Melissa Ard as its prior owner and Triangle Motors as its origin, a substantial part of the events giving rise to the Swishers' claim occurred in the Eastern District of Texas. (Ex. 1-8; 1-9.)

### B. The §1404 factors clearly weigh in favor of transferring venue to the Eastern District of Texas.

Finding that the Swishers could have originally filed this action in the Eastern District of Texas, this Court should then find that the following factors weigh in favor of this proposed transfer under 28 U.S.C. § 1404: "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citing Gibbs & Hill, Inc. v. Harbert Int'l, Inc., 745 F.Supp. 993, 996 (S.D.N.Y. 1990)); see also Frey v. Minter, 829 F. App'x 432, 436 (11th Cir. 2020) (same factors).

### 1. The locus of operative facts, convenience of witnesses and parties, access to proof, and compulsory process weigh in favor of transferring venue.

All witnesses and documents necessary to prove title are located in, or subject to the subpoena power of, the Eastern District of Texas. None of the witnesses are subject to this Court's subpoena power. The Maxima was initially sold as a new car from Fred Haas Nissan in Tomball, TX. (Ex. 1-1.) That is the dealer that delivered the Certificate of Origin and continued to service the car. (Ex. 1-6.) NMAC perfected

7

its security interest with the Texas Department of Motor Vehicles, which never issued a new certificate of title and never released NMAC's e-lien. (Ex. 1-5.) The Forged Title purportedly originated from Triangle Motors in Silsbee, TX. (Ex. 1-8.) The Forged Title purportedly transferred title to Melissa Ard, who is located in Silsbee, TX. (Ex. 1-8.) Ard then purportedly transferred the Forged Title to Tashia Marie Hubbard who is located in Lake Charles, LA, which is within the Eastern District of Texas's subpoena power (Ex. 1-9.)

The Swishers' claims against NMAC all pertain to superior title. For example, they alleged:

- NMAC owes them "a duty to implement reasonable procedures in ensuring cars not encumbered by a valid security interest were not repossessed" in support of their negligence claim (Doc. 13 at ¶ 33);

- NMAC committed an "unlawful repossession" in support of their wantonness claim (Doc. 13 at ¶ 38);

- NMAC "did not have a present and immediate right of possession" in support of their conversion claim (Doc. 13 at ¶ 43); and

- "Carvana, LLC had the only security interest" in the Maxima to support their invasion of privacy claim (Doc. 13 at ¶ 9.)

These allegations have no nexus with Alabama and require documents and depositions from witnesses not within this Court's subpoena power.[3] Specifically, the parties will require testimony and records from:

---

[3] Because the locus of material facts are in Texas, the material witnesses and records are also presumed to be there. Liberty Nat. Life Ins. Co. v. Suntrust Bank, No. 2:11-CV-00820-SLB, 2012 WL 3849615, at *6 (N.D. Ala. Sept. 5, 2012) (presuming that the majority of records are located

8

- Triangle Motors in Silsbee, TX;

- Fred Haas Nissan, L.P. in Tomball, TX;

- The Texas Department of Motor Vehicles;

- Melissa Ard of Silsbee, TX; and

- Tashia Marie Hubbard of Lake Charles, LA.

(Ex. 1-8; Ex. 1-9.)[4] The Eastern District of Texas is the only federal district whose compulsory process extends to all of these material witnesses and their records, promoting the "strong preference for live testimony where, as here, fraud and subjective intent are elements of the claim." Nygård v. DiPaolo, 753 F. App'x 716, 725 (11th Cir. 2018). Unlike this Court,[5] the relevant witnesses and records are within the Eastern District of Texas's subpoena power since they are either in Texas or in Lake Charles, Louisiana, less than 100 miles from Beaumont, Texas. Fed. R. Civ. P. 45(c)(1).[6] Accordingly, these factors weigh in favor of transferring the dispute between the Swishers and NMAC to the Eastern District of Texas.

---

where the locus of operative facts occurred); U.S. ex rel. Elder v. DRS Techs., Inc., No. 2:11-CV-02097-RDP, 2013 WL 3151171, at *4 (N.D. Ala. June 14, 2013) ('[T]he most important factor in passing on a motion to transfer under § 1404(a) is the convenience of the witnesses." (quoting Harper v. Am. Airlines, Inc., 2009 WL 1605800, at *5 (N.D. Ala. May 18, 2009) (quoting Hutchen v. Bill Heard Chevrolet Co., 928 F.Supp. 1089, 1091 (M.D. Ala. 1996)).

[4] See Liberty, 2012 WL 3849615 at *7 (recognizing that, where locus of operative facts occurred in the proposed venue, presumably plaintiffs will need to obtain records and testimony from the proposed venue, favoring the convenience of the parties, not just the movant).

[5] NMAC requests that this Court take judicial notice of the distances and State boundaries at issue in this motion. See Shahar v. Bowers, 120 F.3d 211, 214 (11th Cir. 1997) (observing that matters of geography are ordinarily matters for judicial notice).

[6] See e.g., Liberty Nat. Life Ins. Co. v. Suntrust Bank, No. 2:11-CV-00820-SLB, 2012 WL 3849615, at *8 (N.D. Ala. Sept. 5, 2012) (allowing a court to hold in contempt any person who refuses to obey a subpoena unless "the subpoena purports to require the nonparty to attend or

9

> **2.  The familiarity with the governing law and trial efficiency and the interests of justice weigh in favor of transferring venue.**

The validity and priority of NMAC's lien, as well as the Swishers' claim of being bona fide purchasers for value, are questions of Texas law that should be decided by a Texas federal court. See Drake Ins. Co. v. King, 606 S.W.2d 812, 817 (Tex. 1980) ("It is well-settled that a forged certificate passes no title."); NXCESS Motor Cars, Inc. v. JPMorgan Chase Bank, N.A., 317 S.W.3d 462, 469 (Tex. Ct. App. 2010) ("The forged release of lien, which forms the basis for Avatar Trust's certificate of title, voids that title and all subsequent certificates of title. Thus, the trial court properly rejected NXCESS's defense that it and Valeri are buyers in the ordinary course of business."). In short, "[t]he need to apply foreign law" favors a transfer of venue in this case. Tazoe, 631 F.3d at 1333–34; see Ala. Code § 7-9A-303.[7] "Federal district courts sitting in [Texas] are presumably more familiar with [Texas] law than are federal district courts in Alabama." Walter Energy, 2015 WL 12751048 at *6.[8]

---

produce at a place outside the limits of Rule 45(c)(3)(A)(ii)"). The Eastern District of Texas is also the closest Texas district court to Alabama.

[7] This statute provides: "The local law of the jurisdiction under whose certificate of title the goods are covered governs perfection, the effect of perfection or nonperfection, and the priority of a security interest in goods covered by a certificate of title from the time the goods become covered by the certificate of title until the goods cease to be covered by the certificate of title."

[8] "[T]here is an appropriateness . . . in having the trial of a diversity case in a forum that is at home with the state law that must govern the case rather than having a court in some other forum untangle problems in conflicts of laws and in law foreign to itself." Liberty, 2012 WL 3849615, at *9 (quoting Hutchens v. Bill Heard Chevrolet Co., 928 F.Supp. 1089, 1091 (M.D. Ala. 1996) (quoting Gulf Oil Corp., 330 U.S. at 509).

10

Furthermore, the interests of justice factor favors transfer when the locus of operative facts are within the proposed district, since this factor "overlaps" with the locus of operative facts among other factors. Liberty, 2012 WL 3849615 at *11. The interests of justice will be especially served by permitting the parties to litigate in a venue familiar with the law at issue and with the power to compel testimony and production of records from the material witnesses. Because the operative locus of facts occurred in Texas and this case is governed by Texas law, the interests of justice and the forum's familiarity with applicable law weigh in favor of transfer to the Eastern District of Texas.

### 3. The Swishers' choice to litigate in this Court is afforded less deference because the material facts occurred in Texas.

Because the dispute between the Swishers and NMAC arises from Texas title to the Maxima, the Swishers' choice to litigate in this Court is of minimal value. "Generally, a plaintiff's choice of forum receives considerable deference." Walter Energy, 2015 WL 12751048 at *6 (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981); Robinson v. Giarmarco Et Bill, P.C., 74 F. 3d 253, 260 (11th Cir. 1996)). However, "[w]here none of the conduct complained of took place in the forum selected by Plaintiff, the Plaintiff's choice of forum is of minimal value in determining whether to transfer an action." Liberty, 2012 WL 3849615 at *11 (quoting Johnston v. Foster-Wheeler Constructors, Inc., 158 F.R.D. 496, 505 (M.D. Ala. 1994)). The issue at the heart of the Swishers and NMAC's dispute is the title

11

history originating from Texas. Therefore, the Court should give less deference to the Swishers' choice to litigate in this forum, finding that convenience of the parties and witnesses, along with the interests of justice, favor a transfer to the Eastern District of Texas.

## II. This Court should sever the claims between the Swishers and NMAC to transfer them to the Eastern District of Texas.

The Swishers' claims against NMAC pertain to NMAC's authority to repossess the Maxima due to its superior title and its debt collection policies. The Court should sever the claims between the Swishers and NMAC because dispositive of these claims is whether NMAC had a valid lien under Texas law. Severance is appropriate when: "(1) the severed claims [are] peripheral to the remaining claims; (2) adjudication of the remaining claims would potentially dispose of the severed claims; and (3) section 1404(a) warrants transfer of the remaining claims. Severance should not be used 'if the defendant over whom jurisdiction is retained is so involved in the controversy to be transferred that partial transfer would require the same issues to be litigated in two places.'"[9]

Here, the claims against NMAC are distinct from the property damage claims. The ultimate issue between the Swishers and NMAC is whether NMAC had superior

---

[9] LG Elecs., Inc. v. First Int'l Computer, Inc., 138 F. Supp. 2d 574, 584–85 (D.N.J. 2001) (quoting Sunbelt Corp., 5 F.3d at 33–34); see also Corry v. CFM Majestic Inc., 16 F. Supp. 2d 660, 665 (E.D. Va. 1998). See generally Vickers v. Georgia, 567 F. App'x 744, 748 (11th Cir. 2014) (holding district court did not abuse its discretion in severing unrelated claims).

title. The documents available to NMAC establish that the Swishers claim title through a Forged Title. Under Texas law, which governs because NMAC's security interest was perfected in Texas and never released, even a bona fide purchaser cannot obtain title through a Forged Title. See King, 606 S.W.2d at 817 ("It is well-settled that a forged certificate passes no title."); NXCESS, 317 S.W.3d at 469 ("The forged release of lien, which forms the basis for Avatar Trust's certificate of title, voids that title and all subsequent certificates of title. Thus, the trial court properly rejected NXCESS's defense that it and Valeri are buyers in the ordinary course of business.").

Severance is appropriate here because the claims between the Swishers and NMAC may be resolved independent of the claims against Resolvion LLC and Allstar Recovery LLC (the "Remaining Defendants"). Buford v. Dunn, No. 420CV00706AKKSGC, 2021 WL 718507, at *3 (N.D. Ala. Feb. 24, 2021). First, the Swishers do not identify which specific claims, if any, they assert against NMAC. (Doc. 13 at ¶¶ 32–46; ¶¶ 51–59.)[10] Instead of asserting claims based upon the manner of the repossession and for damaging the Maxima, the Swishers' theory is that NMAC did not have a valid lien on the Maxima to order the repossession. (Doc. 13 at ¶¶ 32–46; ¶¶ 51–59.) These claims are more appropriately decided by a

---

[10] Although the Swishers' claims all pertain to debt collection, they do not allege that NMAC made any debt collection efforts in Alabama. (See Doc. 13 at ¶¶ 5–31.) Moreover, the Swishers do not allege that NMAC was a debt collector like they do with the Remaining Defendants. (Compare Doc. 13 at ¶ 3; with Doc. 13 at ¶¶ 4, 5.)

13

Texas court determining the interests in the Maxima under Texas law. At the same time, the adjudication of the claims against the Remaining Defendants would potentially resolve the severed tort claims against NMAC under a property damages theory, because this theory is factually based upon the alleged actions of the Remaining Defendants in Alabama. (Doc. 13 at ¶¶ 32–46; ¶¶ 51–59.) Because this case should be transferred for the convenience of the parties and witnesses and in the interests of justice, the Court should also sever the claims against NMAC to accomplish this transfer.

## **CONCLUSION**

This Court should sever the Swishers' claims against NMAC pursuant to Rule 21 and the transfer these claims to the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a).

/s/ T. Dylan Reeves
T. Dylan Reeves
Joseph V. Ronderos
*Attorneys For Nissan Motor Acceptance Corporation*

**OF COUNSEL:**
McGlinchey Stafford
505 North 20th Street, Suite 800
Birmingham, AL 35203
(205) 725-6400 (telephone)
(205) 623-0810 (facsimile)
dreeves@mcglinchey.com
jronderos@mcglinchey.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that on June 9, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                             /s/T. Dylan Reeves<br>
                                             OF COUNSEL