# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **SCOTT SWISHER,** *et al.*,   ) | |
| ) | |
| **Plaintiffs,**   ) | |
| **v.**   ) | **4:21-cv-00795-CLM** |
| ) | |
| **NISSAN MOTOR ACCEPTANCE** ) | |
| **CORPORATION,** *et al.*,   ) | **Partially Opposed** |
| ) | |
| **Defendants.**   ) | |

## NMAC'S MOTION TO STAY DISCOVERY DEADLINES

Nissan Motor Acceptance Company, LLC ("NMAC")[1] moves this Court to enter an order staying the discovery deadlines in its scheduling order pending resolution of its Motion to Transfer Venue.[2] In support of this motion, NMAC states as follows:

1. NMAC does not object to conducting party discovery during the pendency of its Motion to Transfer Venue. Specifically, NMAC seeks to stay the discovery deadlines, not discovery itself.

---

[1] The Swishers have not designated the proper entity. Nissan Motor Acceptance Corporation does not exist. The proper entity is Nissan Motor Acceptance Company, LLC.

[2] Prior to filing this motion, NMAC inquired whether the other parties oppose this stay. Defendant Resolvion, LLC does not oppose the motion, Plaintiffs oppose any blanket extension of time to complete discovery and stated they will consider specific proposals for more time to conduct non-party discovery, and Defendant Allstar Recovery, LLC neither opposes nor joins at this time and reserves the right to make a decision at a later date.

1

2. During its investigation into this action, NMAC discovered that Plaintiffs claim title through what appears to be a forged title. Because all of the witnesses necessary to establish the right to possess the Nissan Maxima are located outside of this Court's subpoena power, NMAC has moved to transfer venue.

3. Pursuing and enforcing subpoenas against persons and entities who are outside of the 100 mile radius is time consuming and expensive. Conducting this discovery from a Court with subpoena power over the relevant non-parties would significantly reduce time and expense.

4. If this Court does not grant the transfer, NMAC anticipates that it will need to extend the deadlines in the scheduling order to allow it to conduct discovery pertaining to, but not limited to, the following witnesses:

- Triangle Motors in Silsbee, TX;
- Fred Haas Nissan, L.P. in Tomball, TX;
- The Texas Department of Motor Vehicles;
- Melissa Ard of Silsbee, TX; and
- Tashia Marie Hubbard of Lake Charles, LA

5. Because Plaintiffs have retained possession of the Nissan Maxima, no party will be prejudiced by staying the discovery deadlines.

WHEREFORE, NMAC moves this Court to enter an order staying the discovery deadlines in its scheduling order pending resolution of its Motion to Transfer Venue.

/s/ T. Dylan Reeves
T. Dylan Reeves
Joseph V. Ronderos
Attorneys For Nissan Motor Acceptance
Corporation

**OF COUNSEL:**
McGlinchey Stafford
505 North 20th Street, Suite 800
Birmingham, AL  35203
(205) 725-6400 (telephone)
(205) 623-0810 (facsimile)
dreeves@mcglinchey.com
jronderos@mcglinchey.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 9, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                      /s/T. Dylan Reeves
                                      OF COUNSEL