# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHER DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **SCOTT SWISHER,** *et al.*, ) | |
| ) | |
|     **Swishers,** ) | |
| **v.** ) | **4:21-cv-00795-CLM** |
| ) | |
| **NISSAN MOTOR ACCEPTANCE** ) | |
| **CORPORATION,** *et al.*, ) | |
| ) | |
|     **Defendants.** ) | |

### NISSAN MOTOR ACCEPTANCE CORPORATION'S REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE

 

T. Dylan Reeves
Joseph V. Ronderos
*Attorneys For Nissan Motor Acceptance Corporation*

**OF COUNSEL:**
McGlinchey Stafford
505 North 20th Street, Suite 800
Birmingham, AL  35203
(205) 725-6400 (telephone)
(205) 623-0810 (facsimile)
dreeves@mcglinchey.com
jronderos@mcglinchey.com

## TABLE OF CONTENTS

**Page**

I.   This Court should sever the claims between the Swishers and NMAC to permit a transfer of those claims to the Eastern District of Texas. ............1

II.  The §1404 factors clearly weigh in favor of transfer. .....................................3

   A.   The Swishers' response fails to show that the Eastern District of Texas would not be a more convenient venue and that a transfer there would not serve the interests of justice. ......................................3

   B.   The Swishers' response fails to show that Alabama law governs over Texas law..................................................................................5

i

**I.    This Court should sever the claims between the Swishers and NMAC to permit a transfer of those claims to the Eastern District of Texas.**

The Swishers could have originally filed against NMAC in the Eastern District of Texas because the issue of title, the heart of their dispute, originated from that district. The Swishers argue that they could not have originally filed in the Eastern District of Texas because that court did not have personal jurisdiction over each defendant, especially Allstar Recovery, LLC, at the time of their filing. (Doc. 35 at 3.) The Swishers argue that this Court should not sever and transfer the claims between them and NMAC under the well-recognized exception to this general rule. (Doc. 35 at 3.)[1]

The Court should sever and transfer the claims between the Swishers and NMAC because, clearly, the ultimate issue between them is title to the Maxima and the title in question is a Forged Title issued within the Eastern District of Texas. (Doc. 13, ¶¶ 9, 32–46; ¶¶ 51–59); (Ex. 31-8.) By not alleging a repossession or a property damages theory against NMAC, the claims against NMAC are distinct from

---

[1] The Swishers first ignore this sever and transfer exception, relying upon the general rule and a case that did not involve a severance and transfer. Anstalt v. Bacardi & Co., No. 1:17-cv-21505-UU, 2017 U.S. Dist. LEXIS 217362 (S.D. Fla. June 26, 2017). However, the Swishers then suggest that this exception exists by stating: "Recognizing that transferring the whole action would be improper, NMAC requests claims only related to it be severed off and transferred only." (Doc. 35 at 4.) The Swishers also cite SE Prop. Holdings, LLC v. Green, No. CV 19-00430-KD-B, 2020 WL 9396383, at *7 (S.D. Ala. Sept. 1, 2020), report and recommendation adopted, No. CV 19-00430-KD-B, 2020 WL 5637400 (S.D. Ala. Sept. 18, 2020), which recognized this sever and transfer exception. "When transferring a portion of a pending action to another jurisdiction, district courts first must sever the action under Rule 21 before effectuating the transfer." Id. (quoting McCullough v. Royal Caribbean Cruises, Ltd., 268 F. Supp. 3d 1336, 1352 (S.D. Fla. 2017) (quoting Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1519 (10th Cir. 1991)).

1

the claims against the remaining defendants, thus warranting severance and transfer of these claims so that they may be resolved with the convenience of Texas witnesses, records, and laws.

The Swishers argue against severance claiming that title is only relevant to NMAC's counterclaims, not their claims, which would cause the Swishers to litigate the same issues in two jurisdictions. (Doc. 35 at 4–5.)[2] However, this argument flies in the face of their claims and theory against NMAC—that "Carvana, LLC had the only security interest" and NMAC did not have a valid lien and "a present and immediate right of possession" in the Maxima. (Doc. 13, ¶¶ 9, 32–46; ¶¶ 51–59.) In line with their argument that title is only relevant to NMAC's counterclaims, the Swishers argue that transfer of venue is also inappropriate by claiming that NMAC could not have filed its counterclaims in the Eastern District of Texas. (Doc. 35 at 5.) This argument also fails because § 1404(a) requires that the plaintiff could have originally filed in the transferee district, not the counter-plaintiff. See Hoffman v.

---

[2] This exception permits transfer of the claims between the Swishers and NMAC because this severed action "might have been brought" in the Eastern District of Texas, regardless of whether the Swishers might have filed against the remaining defendants there. See Pps Data v. Allscripts Healthcare Sols., No. 3:11-cv-273-J-37TEM, 2011 U.S. Dist. LEXIS 171280, at *5-6 (M.D. Fla. July 21, 2011). The Fifth Circuit and the Eastern District of Texas have also recognized this sever and transfer exception. Liaw Su Teng v. Skaarup Shipping Corp., 743 F.2d 1140, 1148 (5th Cir. 1984), overruled on other grounds by Trivelloni–Lorenzi v. Pan Am. World Airways, Inc. (In re Air Crash Disaster Near New Orleans, La. on July 9, 1982), 821 F.2d 1147 (5th Cir. 1987), vacated sub nom. Pan Am. World Airways, Inc. v. Lopez, 490 U.S. 1032, 109 S.Ct. 1928, 104 L.Ed.2d 400 (1989); see also Balthasar Online, Inc. v. Network Sols., LLC, 654 F. Supp. 2d 546, 549–50 (E.D. Tex. 2009) ("If suit might have been brought against one or more defendants in the transferee court, the claims against those defendants may be severed and transferred while the other claims are retained in the original court.").

Blaski, 363 U.S. 335, 343–44 (1960). The Swishers could have originally filed in the Eastern District of Texas because the source their title is the Forged Title, which originated from that district. (Doc. 31-8.)

Severing and transferring the claims between the Swishers and NMAC would not "complicate matters more and be a burden on the Parties and Courts to litigate the case in multiple jurisdictions." (Doc. 35 at 4.) Rather, severance and transfer would be more convenient for the parties and witnesses, as well as serve the interests of justice.

## II. The §1404 factors clearly weigh in favor of transfer.

### A. The Swishers' response fails to show that the Eastern District of Texas would not be a more convenient venue and that a transfer there would not serve the interests of justice.

While the Swishers focus on the inconvenience that a transfer would cause them, along with arguing that there is no proof that the Texas witnesses would be unwilling to testify, they fail to address the locus of operative facts, convenience of witnesses, and access to proof factors. (Doc. 35 at 6–7.) These failures are critical. "[T]he most important factor in passing on a motion to transfer under § 1404(a) is the convenience of the witnesses."[3] "While the Court must consider the convenience of both the party and non-party witnesses, it is the convenience of non-party

---

[3] U.S. ex rel. Elder v. DRS Techs., Inc., No. 2:11-CV-02097-RDP, 2013 WL 3151171, at *4 (N.D. Ala. June 14, 2013) (quoting Harper v. Am. Airlines, Inc., 2009 WL 1605800, at *5 (N.D. Ala. May 18, 2009) (quoting Hutchen v. Bill Heard Chevrolet Co., 928 F.Supp. 1089, 1091 (M.D. Ala. 1996)).

3

witnesses that is the more important factor and is accorded greater weight in a transfer of venue analysis."[4]

As much as the Swishers claim that it would be inconvenient to travel from Alabama to the Eastern District of Texas if this case is transferred (Doc. 35 at 6–7), this travel would be just as inconvenient for the non-party witnesses from Texas if this Court retains this action. Should these necessary witnesses refuse to travel this long distance to testify, this Court does not have the power to compel them. The Swishers argue that NMAC has not proven that these witnesses are unwilling to testify at this stage (Doc. 35 at 7), but considering that the individual witnesses appear to have forged a car title, it is unlikely that these necessary witnesses would voluntarily comply with a subpoena.

Furthermore, the compulsory process factor weighs the ***abilities*** to compel testimony, recognizing that the possibility of necessary witnesses refusing to testify at trial could severely prejudice a party's case.[5] If the Texas witnesses refuse to

---

[4] ContentGuard Holdings, Inc. v. Amazon.com, Inc., No. 2:13-CV-1112-JRG, 2015 WL 1885256, at *8 (E.D. Tex. Apr. 24, 2015) (citing Aquatic Amusement Assoc., Ltd. v. Walt Disney World Co., 734 F.Supp. 54, 57 (N.D.N.Y. 1990); 15 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3851 (3d ed. 2012)). "Because the convenience of non-party witnesses is often the most important factor in a transfer analysis, and because this factor is more important than the convenience of the parties, this factor weighs heavily in favor of transfer." Burke v. USF Reddaway, Inc., No. 2:12-CV-02641-KJM, 2013 WL 85428, at *5 (E.D. Cal. Jan. 8, 2013) (citations omitted).

[5] "A judge in this district would lack the ability to compel non-party witnesses to appear at trial. Accordingly, this factor weighs in favor of transfer." Walter Energy, Inc. v. Walter Inv. Mgmt. Corp., No. 2:14-CV-00429-SGC, 2015 WL 12751048, at *5 (N.D. Ala. Jan. 12, 2015). "Many cases show that the courts compare the relative abilities of the forum and the proposed transferee district to secure the live testimony of important witnesses at trial. Thus, the fact that important

testify, the Parties would be deprived of assessing the circumstances surrounding the Forged Title under the preferred method of doing so—through live testimony.[6]

Simply put, where all the material nonparty witnesses reside in or are subject to the subpoena power of the Eastern District of Texas, that district is "manifestly more convenient" than this Court. Poncy v. Johnson & Johnson, 414 F. Supp. 551, 555 (S.D. Fla. 1976). 'The **possibility** that a case may be tried where certain crucial witnesses could not be compelled to attend' does not serve the interests of justice.[7] Because all of the witnesses and documents necessary to resolve the ultimate issue of title are located in, or subject to the subpoena power of, the Eastern District of Texas (i.e., the locus of operative facts), the Swishers' choice of forum is minimal in value.[8]

### B. The Swishers' response fails to show that Alabama law governs over Texas law.

The Eastern District of Texas is more familiar with the Texas law that governs this action. Ala. Code § 7-9A-303(c) requires the application of Texas law as the "local law of the jurisdiction under whose certificate of title the goods are

---

nonparty witnesses may be within the subpoena power of one court but not the other is a significant issue." 15 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3851 (3d ed. 2012)).

[6] See Nygård v. DiPaolo, 753 F. App'x 716, 725 (11th Cir. 2018).

[7] Poncy, 414 F. Supp. at 556 (quoting Commercial Solvents Corp. v. Liberty Mutual Ins. Co., 371 F.Supp. 247, 250 (S.D.N.Y. 1974)).

[8] Liberty Nat. Life Ins. Co. v. Suntrust Bank, No. 2:11-CV-00820-SLB, 2012 WL 3849615, at *11 (N.D. Ala. Sept. 5, 2012) (quoting Johnston v. Foster-Wheeler Constructors, Inc., 158 F.R.D. 496, 505 (M.D. Ala. 1994)).

covered[.]" The Swishers did not raise this statute because it defeats their argument that Ala Code § 7-9A-337 governs this case.

Under Ala. Code § 7-9A-303(c), the Texas Certificate of Title Act would apply if this Court retains this action, since NMAC perfected its security interest with the Texas Department of Motor Vehicles, which never issued a new certificate of title and never released NMAC's e-lien. (Doc. 31-5.) This Texas statue is in conflict with Article 9 of the Alabama Uniform Commercial Code if the Swishers' assessment of Article 9 is true—that they are protected as good faith purchasers—because a forged title does not transfer title and protect a good faith purchaser under the Texas Certificate of Title Act. See Drake Ins. Co. v. King, 606 S.W.2d 812, 817 (Tex. 1980) ("It is well-settled that a forged certificate passes no title."); NXCESS Motor Cars, Inc. v. JPMorgan Chase Bank, N.A., 317 S.W.3d 462, 469 (Tex. Ct. App. 2010) (rejecting buyers in the ordinary course of business defense due to forged release).

No matter the weight of this factor when compared to the others, there can be no doubt that this factor favors a transfer to the Eastern District of Texas. Given that this factor and others weigh in favor of transfer, the trial efficiency and interests of justice factors also weigh in favor of transfer. Accordingly, the Court should sever the claims between the Swishers and NMAC and transfer them to the Eastern District of Texas.

        /s/ Joseph V. Ronderos  
        T. Dylan Reeves  
        Joseph V. Ronderos  
        *Attorneys For Nissan Motor Acceptance Corporation*

**OF COUNSEL:**
McGlinchey Stafford
505 North 20th Street, Suite 800
Birmingham, AL  35203
(205) 725-6400 (telephone)
(205) 623-0810 (facsimile)
dreeves@mcglinchey.com
jronderos@mcglinchey.com

7

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 1, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                /s/Joseph V. Ronderos
                                OF COUNSEL