FILED
2022 Oct-19  AM 09:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **SCOTT SWISHER, *et al.*,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **4:21-cv-00795-CLM** |
| | ) | |
| **NISSAN MOTOR ACCEPTANCE** | ) | |
| **COMPANY, LLC, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## NISSAN MOTOR ACCEPTANCE COMPANY, LLC'S ANSWER TO SECOND AMENDED COMPLAINT

Nissan Motor Acceptance Company, LLC ("NMAC") Answers Plaintiffs Scott Swisher and Carrie Swisher's (collectively, "Plaintiffs") Second Amended Complaint as follows:

1.     NMAC is without sufficient information to admit or deny Paragraph 1.

2.     NMAC is without sufficient information to admit or deny Paragraph 2.

3.     NMAC admits that it is not a citizen of Alabama for diversity purposes, but denies that it is subject to personal jurisdiction in Alabama for the claims in the action.

4.     NMAC is without sufficient information to admit or deny Paragraph 4.

5.     NMAC is without sufficient information to admit or deny Paragraph 5.

6.     NMAC admits that federal subject matter jurisdiction exists, but denies that venue is proper against NMAC.

1

7.      To the extent that Paragraph 7 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

8.      To the extent that Paragraph 8 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

9.      To the extent that Paragraph 9 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

10.     To the extent that Paragraph 10 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

11.     To the extent that Paragraph 11 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

12.     To the extent that Paragraph 12 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

13.    To the extent that Paragraph 13 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

14.    To the extent that Paragraph 14 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

15.    To the extent that Paragraph 15 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

16.    To the extent that Paragraph 16 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

17.    To the extent that Paragraph 17 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

18.    To the extent that Paragraph 18 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

19.     To the extent that Paragraph 19 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

20.     To the extent that Paragraph 20 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

21.     To the extent that Paragraph 21 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

22.     To the extent that Paragraph 22 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

23.     To the extent that Paragraph 23 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

24.     To the extent that Paragraph 24 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

25.     To the extent that Paragraph 25 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

26.     To the extent that Paragraph 26 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

27.     To the extent that Paragraph 27 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

28.     To the extent that Paragraph 28 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

29.     To the extent that Paragraph 29 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

30.     To the extent that Paragraph 30 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

31.     To the extent that Paragraph 31 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

32.     NMAC objects that Paragraph 32 constitutes impermissible shotgun pleading because it is not able to identify which facts are connected to this claim. To the extent that Paragraph 32 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     NMAC objects that Paragraph 37 constitutes impermissible shotgun pleading because it is not able to identify which facts are connected to this claim. To the extent that Paragraph 37 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

38.     Denied.

39.     Denied.

40.     Denied.

41.    NMAC objects that Paragraph 41 constitutes impermissible shotgun pleading because it is not able to identify which facts are connected to this claim. To the extent that Paragraph 41 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

42.    NMAC is without sufficient information to admit or deny this paragraph.

43.    Denied.

44.    Denied.

45.    Denied.

46.    Denied.

47.    NMAC objects that Paragraph 47 constitutes impermissible shotgun pleading because it is not able to identify which facts are connected to this claim. To the extent that Paragraph 47 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

48.    To the extent that Paragraph 49 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

7

49.    To the extent that Paragraph 49 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

50.    To the extent that Paragraph 50 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

51.    NMAC objects that Paragraph 51 constitutes impermissible shotgun pleading because it is not able to identify which facts are connected to this claim. To the extent that Paragraph 51 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

52.    Denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

As to the unnumbered paragraph immediately following paragraph 56, NMAC denies that Plaintiffs are entitled to any recovery, relief, fees, costs, or damages from it whatsoever.

57.    Denied.

58.     To the extent that Paragraph 58 contains any allegation or averment of wrongful or tortious conduct by NMAC, NMAC denies those allegations or averments and demands strict proof thereof.

59.     Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

NMAC is not subject to personal jurisdiction in Alabama for these claims.

### SECOND AFFIRMATIVE DEFENSE

Venue is improper against NMAC.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' operative complaint is a shotgun pleading.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint does not contain facts that establish they are entitled to relief.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of contributory negligence.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages were caused by third-parties for which NMAC is not responsible.

### SEVENTH AFFIRMATIVE DEFENSE

NMAC pleads lack of proximate cause.

## EIGHTH AFFIRMATIVE DEFENSE

NMAC pleads superseding, intervening causation.

## NINTH AFFIRMATIVE DEFENSE

NMAC pleads lack of damage.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, were caused by their own actions or inaction.

## ELEVENTH AFFIRMATIVE DEFENSE

All of NMAC's actions have been in accordance with all federal and state laws and regulations applicable to the transactions at issue.

## TWELFTH AFFIRMATIVE DEFENSE

NMAC pleads failure to mitigate, equitable estoppel, and unjust enrichment.

## THIRTEENTH AFFIRMATIVE DEFENSE

NMAC pleads laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

NMAC avers Plaintiffs' did not have clear title.

## FIFTEENTH AFFIRMATIVE DEFENSE

NMAC pleads lack of publication.

## SIXTEENTH AFFIRMATIVE DEFENSE

NMAC pleads truth.

## SEVENTEENTH AFFIRMATIVE DEFENSE

NMAC avers that it is not a debt collector as defined under the FDCPA.

### EIGHTEENTH AFFIRMATIVE DEFENSE

NMAC avers that Plaintiffs are not entitled to mental anguish because they did not suffer a physical injury or were not in the zone of damage.

### NINETEENTH AFFIRMATIVE DEFENSE

NMAC avers that Plaintiffs are not entitled to mental anguish because it did not act willfully.

### TWENTIETH AFFIRMATIVE DEFENSE

NMAC avers that Plaintiffs are not entitled to mental anguish because it did not act consciously or deliberately.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

NMAC pleads reasonable procedures.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

NMAC pleads bona fide error.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

NMAC avers that 15 U.S.C. § 1692(a) does not create a cause of action for invasion of privacy.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

NMAC avers that Plaintiffs' state law claims are preempted by the Fair Debt Collection Practices Act.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

NMAC avers reasonable procedures.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

NMAC avers reasonable procedures.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

NMAC avers reasonable procedures.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

NMAC denies that it is guilty of any conduct which entitles Plaintiffs to recover punitive damages.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, and each and every Count thereof, to the extent that it seeks exemplary or punitive damages, violates NMAC's right to procedural due process under the Fourteenth Amendment of the United States Constitution and under the Constitution of the State of Alabama, and therefore fails to state a cause of action under which either punitive or exemplary damages can be awarded.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, and each count thereof, to the extent that it seeks punitive or exemplary damages, violates NMAC's rights to protection from "excess fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 15 of the Constitution of the State of Alabama, and violates NMAC's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and as provided in the Constitution

of the State of Alabama, and therefore fails to state a cause of action supporting the punitive or exemplary damages claimed.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to NMAC under the Constitution of the United States of America.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to NMAC under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States in that punitive damages are vague and are not rationally related to legitimate government interests.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiffs in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiffs in this case will be violative of the procedural safeguards provided to NMAC under the Sixth Amendment to the

Constitution of the United States in that punitive damages are penal in nature and consequently NMAC is entitled to the same procedural safeguards accorded to criminal defendants.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against NMAC punitive damages, which are penal in nature, yet compel NMAC to disclose potentially incriminating documents and evidence.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against NMAC punitive damages, which are penal in nature, yet compel NMAC to disclose potentially incriminating documents and evidence.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

It is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against NMAC which are penal in nature by requiring a burden of proof on Plaintiffs which is less than the "beyond a reasonable doubt" burden required in criminal cases.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiffs in this case, on its face and/or as applied in this case, is in violation of the right to trial by jury of the Seventh Amendment of the Constitution of the United States.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiffs in this case will be violative of the Eighth Amendment of the Constitution of the United States in that said damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

## FORTIETH AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiffs in this case will be violative of the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

## FORTY-FIRST AFFIRMATIVE DEFENSE

The imposition of punitive damages in this cause violates the Due Process Clause of Amendments V and XIV to the United States Constitution and Article I, Sections 1, 2, 6, 11, 13, 15, 27 and 35 of the Alabama Constitution of 1901 because the authorization for unlimited punitive damages awards have a substantial chilling effect on the exercise of the fundamental rights to ordered liberty and of access to the courts. Among other things, the present procedure and standards for imposing punitive damages are unconstitutionally vague and violate Due Process under the

15

aforesaid state and federal constitutional provisions by (1) failing to provide sufficiently objective and specific standards by which juries may decide whether to award punitive damages and to determine the amount of punitive damages awards; (2) failing to provide sufficiently objective and specific standards by which juries may impose punitive damages based on the culpability of alleged tortfeasors; (3) failing to provide sufficient objective specific standards by which juries may award punitive damages against multiple defendants for different alleged acts of wrongdoing; (4) failing to provide sufficiently objective and specific standards by which juries may award separate judgments against alleged joint tortfeasors; (5) by failing to provide a sufficiently clear, objective, and specific standard for appellate review of awards for punitive damages; and (6) by failing to provide a meaningful opportunity for challenging the excessiveness of such awards.

## **FORTY-SECOND AFFIRMATIVE DEFENSE**

The imposition of punitive damages in this case violates the Equal Protection Clause of Amendments V and XIV of the United States Constitution and deprives NMAC of the right to equal protection under the law as provided in Article I, Sections 1, 6, and 22 of the Alabama Constitution of 1901, because, among other reasons, criminal defendants are placed in a position of distinct advantage over civil defendants of comparable culpability due to the disparity in punitive treatment for similar conduct and because the absence of sufficiently specific and objective

standards for the imposition of punitive damages fails to ensure equality of treatment between and among similarly situated civil defendants.

### FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages cannot be upheld based on all grounds that the United States Supreme Court in BMW v. Gore, 116 S.Ct. 1589 (1996), determined that the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages violate a defendant's rights provided by the United States Constitution.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages cannot be upheld under BMW v. Gore, 116 S.Ct. 1589 (1996) to the extent it is not based on the least drastic remedy or lowest amount of punitive damages that could be expected to ensure that this Defendant will more fully comply with this state's laws in the future.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover punitive damages pursuant to Ala. Code §6-11-20 and §6-11-30 (1975), and thereby any claim for such damages is barred.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

Any award of punitive damages in this case is subject to those limitations established by the Alabama Legislature and set forth in §6-11-21, Code of Ala. (1975). The Alabama Supreme Court's action abolishing the legislatively-created cap on punitive damages was unconstitutional and is without effect. Under the

Constitution of the United States and the State of Alabama, the Alabama Supreme Count cannot abolish the cap created by the Legislature on punitive damages through judicial fiat.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages against NMAC cannot be sustained because punitive damages may be awarded jointly and severally against some or all of the defendants for different acts of alleged wrongdoing without apportionment among them based on the respective enormity of their alleged misconduct and will, therefore, violate NMAC's rights under the Equal Protection Clause and the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I §§1, 6, 13 and 22 of the Alabama Constitution, and will be improper under the common law and public policies of the State of Alabama and the United States of America.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages is barred because an award of punitive damages under Alabama law will constitute an impermissible burden on interstate commerce in violation of the Commerce Clause of Article I §9 of the United States Constitution.

## FORTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive is barred to the extent that it seeks the admission into evidence of NMAC's net worth in determining whether punitive damages are

to be awarded and/or in what amount they are to be awarded because punitive damages are a form of punishment that is grounded in a defendant's status rather than in specific misconduct, and thus has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, §§1, 6, 13 and 22 of the Alabama Constitution.

## FIFTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages against NMAC cannot be upheld, because any award of punitive damages under Alabama law without bifurcating the trial of all punitive damages would violate NMAC's due process rights guaranteed by the United States Constitution and the Alabama Constitution.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages against NMAC cannot be upheld, because an award of punitive damages under Alabama law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by Alabama law would violate NMAC's due process rights guaranteed by the United States Constitution and by the due process provisions of the Alabama Constitution.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

The Alabama statute authorizing punitive damages, Ala. Code §6-1-20 (1993) is constitutionally vague as written, construed, and applied.

19

## FIFTY-THIRD AFFIRMATIVE DEFENSE

NMAC pleads the applicability of the Alabama Legislature's amendment to Alabama Code §6-11-21 (1975) with effective date of June 7, 1999.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

NMAC avers that it did not receive fair notice that the conduct that is alleged in Plaintiffs' Complaint might subject it to punishment.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

NMAC avers that it did not receive fair notice of the severity of the penalty that might be imposed for the alleged conduct set out in Plaintiffs' Complaint.

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

The claims for punitive damages against NMAC are barred for reasons that Plaintiffs cannot produce clear and convincing evidence sufficient to support or sustain the imposition of punitive damages against this Defendant.

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages cannot be upheld based on a violation of due process of law as set forth in State Farm Mutual Automobile Insurance Company v. Campbell, 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed. 2d. 585 (2003). Assuming arguendo Plaintiff could produce evidence sufficient to support an award of punitive damages, any award in excess of three (3) times compensatory damages would be an unconstitutional violation of NMAC's right to due process of law as set forth in the Gore and State Farm cases, supra.

## **FIFTY-EIGHTH AFFIRMATIVE DEFENSE**

NMAC reserves the right to amend its Answer and Affirmative Defenses as discovery progresses.

/s/ Joseph V. Ronderos
T. Dylan Reeves
Joseph V. Ronderos
Attorneys For Nissan Motor Acceptance
Company, LLC

**OF COUNSEL:**
McGlinchey Stafford
505 North 20th Street, Suite 800
Birmingham, AL  35203
(205) 725-6400 (telephone)
(205) 623-0810 (facsimile)
dreeves@mcglinchey.com
jronderos@mcglinchey.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 19, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ ECF system, which will send notification of such filing to all counsel of record.


/s/Joseph V. Ronderos
OF COUNSEL