## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

**SCOTT SWISHER, *et al.*,**
     Plaintiffs,

**v.**

         **Case No. 4:21-cv-795-CLM**

**NISSAN MOTOR ACCEPTANCE
COMPANY, LLC, *et al.*,**
     Defendants.

## MEMORANDUM OPINION AND ORDER

This case is about the repossession of a vehicle that the Plaintiffs, Scott and Carrie Swisher (the "Swishers") purchased from Carvana. The Swishers bring various tort and Fair Debt Collection Practices Act claims against three defendants: (1) Nissan Motor Acceptance Corporation ("Nissan"), (2) Resolvion, LLC ("Resolvion"), and (3) Allstar Recovery, LLC ("Allstar"). Nissan also filed counterclaims against the Swishers. Nissan asks this court to sever the Swishers' claims against it, and transfer those claims to the Eastern District of Texas. (Doc. 30, p. 1). For the reasons explained below, the court **DENIES** Nissan's motion to transfer venue.

## BACKGROUND

In February 2021, Scott Swisher purchased a 2017 Nissan Maxima (the "Maxima") from Carvana. (Doc. 42, p. 3). A few months later, an agent or employee of Allstar, under the direction and at the request of Resolvion, took physical possession of the vehicle in Alabama. (Doc. 42, p. 4). Scott Swisher later heard that Nissan ordered the repossession.

The Swishers regained possession of the vehicle, but claim it was damaged while under the control of Nissan, Resolvion, and Allstar. So the Swishers filed this lawsuit for damages.

The Swishers' complaint contains five counts: (1) a common law negligence claim, (2) a common law wantonness claim, (3) a common law conversion claim, (4) a Fair Debt Collection Practices Act claim, and (5) a common law invasion of privacy claim. (Doc. 42). Each count is pled against each defendant: Nissan, Resolvion, and Allstar. (*Id.*).

Nissan has also filed counterclaims against the Swishers. (*See* Doc. 28). First, Nissan asks the court to issue a declaratory judgment declaring that (1) Nissan never released its lien, (2) Nissan has a valid lien on the Maxima, (3) the Swishers' interest in the Maxima is subject to Nissan's lien, and (4) Nissan has the right to possess the Maxima under its security interest. (Doc. 28, pp. 25-26). Nissan asserts that Texas law governs this count. (Doc. 28, p. 22). And in the alternative, under Alabama law, Nissan asks the court to enter an order asserting an equitable lien on the Maxima, in favor of Nissan, superior to all other interests. (Doc. 28, p. 27).

The parties have started, but not yet finished, discovery. (*See* Doc. 34). Nissan now asks this court to sever the Swishers' claims against it, and transfer those claims to the Eastern District of Texas under 28 U.S.C. § 1404(a). (Doc. 30, p. 1).

## STANDARD OF REVIEW

The movant bears the burden of establishing that transferring venue to another forum is more convenient. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). "The decision to transfer a case to another district is left to the sound discretion of the trial court." *Brown v. Conn. Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991).

2

## DISCUSSION

A plaintiff's choice of forum is accorded considerable deference. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981). Generally, a "plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996).

While the plaintiff's forum choice is entitled to deference, federal law provides for transfer in certain circumstances. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Thus, when addressing a motion under § 1404(a), "a court must determine: (1) whether the plaintiff could originally have filed the case in the venue to which the movant seeks to transfer the case; and (2) whether the circumstances of the case warrant transfer." *Walter Energy, Inc. v. Walter Inv. Mgmt. Corp.*, 2015 WL 13751048, at *4 (N.D. Ala. Jan. 12, 2015).

Courts consider several factors when evaluating whether transfer is appropriate: "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135, n.1 (11th Cir. 2005).

Defendant Nissan asks this court to sever the Swishers' claims against it, and transfer those claims to the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a). (Doc. 30, p. 1). But for the reasons set forth below, the circumstances of this case do not warrant transfer.

First, this action—in its current form—most likely could not have been filed in the Eastern District of Texas. Venue is proper in a judicial district where "a substantial part of the events or omissions giving rise to the claim

occurred." 28 U.S.C. § 1391(b)(2). Nissan claims that a substantial part of the events giving rise to claims between Nissan and the Swishers occurred in the Eastern District of Texas. (Doc. 31, p. 8). But even if that's true, the Swishers are "aware of little to no evidence that Allstar Recovery has had any contact with the Eastern District of Texas or has availed itself to that forum." (Doc. 35, p. 3). In other words, it's not clear that Allstar would be subject to personal jurisdiction in a Texas court. And thus, the Swishers could not have filed this action in the Eastern District of Texas against all of the defendants it sued here. Nissan does not dispute this point. Instead, Nissan asks the court to sever and transfer only the claims against Nissan.

Second, several § 1404 factors weigh against transfer.

Nissan raises concerns regarding the fifth factor—the availability of process to compel the attendance of unwilling witnesses. (*See* Doc. 31, pp. 7-11). Specifically, Nissan claims it will need documents and depositions from several nonparties located in Texas and Louisiana. (Doc. 31, p. 10-11). Their list includes two corporate entities, the Texas Department of Motor Vehicles, and two individuals. But Nissan fails to show that any of these witnesses are unwilling to testify, provide documents, or otherwise cooperate in the litigation. And courts have found this factor to be unimportant when the movant fails to show that compulsory process would be necessary. *See, e.g.*, *Mason v. Smithkline Beecham Clinical Lab'ys*, 146 F.Supp.2d 1355, 1361-62 (S.D. Fla. June 28, 2001).

Nissan also raises concerns about the seventh factor—the forum's familiarity with the governing law. (Doc. 31, p. 12). But even if that's true, other § 1404 factors weigh against transfer in this case.

The third factor—the convenience of the parties—does not support transfer. The Swishers are individuals who reside in Alabama. Nissan is a foreign corporation that does business in Alabama. "[C]orporate entities generally possess greater means to litigate." *Cook v. Publix Supermarkets, Inc.*, 2020 WL 13157798, at *3 (N.D. Ala. Apr. 24, 2020). It would be more difficult for the Swishers to litigate their claims 600 miles away as opposed to a nationwide entity like Nissan.

4

The fourth factor—the locus of operative facts—also does not support transfer. This case is about the repossession of a vehicle that occurred in the Northern District of Alabama. The facts giving rise to this action occurred in Alabama.

The sixth factor—the relative means of the parties—also weighs against transfer. Nissan is a corporate entity. The Swishers are private individuals. As explained above, it would be more difficult for the Swishers to litigate their claims 600 miles away as opposed to a nationwide entity like Nissan.

The eighth factor—the plaintiff's choice of forum—weighs against transfer. A plaintiff's choice of forum is entitled to considerable deference. *See Piper Aircraft Co.*, 454 U.S. at 255. The plaintiff's choice may be entitled to less weight when the plaintiff is not a resident of the forum. *See Combs v. Fla. Dep't of Corrections*, 461 F.Supp.3d 1203, 1214 (N.D. Fla. 2020) (citing additional district court authorities). But the Swishers are domiciled and reside in Alabama, and thus, their forum choice is entitled to deference.

And the ninth factor— trial efficiency and the interests of justice, based on the totality of the circumstances —does not support transfer. The Swishers filed this action against Nissan and *two other defendants*. If the claims against Nissan are transferred to Texas, the Swishers would need to litigate the same claims in two jurisdictions. That outcome is inefficient. Keeping the claims together promotes judicial economy and efficiency, and avoids problems related to duplicative actions in multiple forums. Thus, this court finds that the ninth factor weighs against transfer.

The Eleventh Circuit has directed that the plaintiff's choice of forum should govern in the absence of significant contrary considerations. *Robinson*, 74 F.3d at 260. For the reasons explained above, the court finds that the interests of justice are best served by litigating this action—in its entirety—in the Northern District of Alabama.

* * *

Accordingly, the court **DENIES** Defendant Nissan's motion to transfer venue (doc. 30).

**DONE** and **ORDERED** on November 21, 2022.

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE